IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUMANTA BANERJEE, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GLOBAL TEL LINK CORPORATION, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | *Electronically Filed.* |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, SUMANTA BANERJEE, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This action is brought against the Defendant for violating Plaintiff's right to be free from illegal, invidious and damaging discrimination in his employment based on age, as guaranteed by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania, and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements, and in particular, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming age discrimination on or about May 11, 2018, at EEOC No. 533-2018-01459 and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). At the

time of filing, over sixty (60) days have passed since the filing of Plaintiff's charge of discrimination, and Plaintiff has received a Notice of Right to Sue from the EEOC dated August 28, 2018.

## PARTIES

5.  Plaintiff, Sumanta ("Bob") Banerjee, is a 60-year-old male who resides in Allegheny County, Pennsylvania.

6.  Defendant, Global Tel Link Corporation ("Global"), is now, and was at all times relevant to Plaintiff's claims, a foreign corporation with a principal address at 12021 Sunset Hills, Reston, Virginia 20190 and a registered address at Incorp Services, Inc., 7288 Hanover Green Drive, Mechanicsville, Virginia 23111.

7.  At all times relevant hereto, the Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

8.  The actions of the Defendant, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  All of the acts described below were committed by the Defendant with reckless disregard and/or deliberate indifference to the rights of the Plaintiff.  As a direct and proximate result thereof, Defendant violated the Plaintiff's federally protected rights, as described herein.

## FACTUAL ALLEGATIONS

9.  Plaintiff, Bob Banerjee, was employed by the Defendant, Global, from March 2017 until his unlawful termination on or about March 23, 2018.  At the time of his termination, Plaintiff held the position of program manager.

10. On March 23, 2018, Plaintiff's immediate supervisor, Andrew Corley, and the Defendant's director of human resources, Karen Miller informed Plaintiff of his termination.

11. Defendant's stated reason for Plaintiff's termination was the alleged elimination of the position of program manager.

12. However, the reason provided by Defendant for Plaintiff's termination is pretextual and unworthy of belief.

13. Defendant did not eliminate the position of program manager.

14. Plaintiff believes, and therefore avers, that he was replaced in his position of program manager by a significantly younger and less experienced employee.

15. Moreover, at least three additional significantly younger individuals employed as program managers were retained after Plaintiff's termination.

16. Therefore, Plaintiff believes that similarly situated, significantly younger employees were treated more favorably than he.

17. Plaintiff has been adversely affected, both financially and professionally, as a result of Defendant's actions.

18. Based on the foregoing, Plaintiff believes, and therefore avers, that he was terminated based on his age, 60.

19. Plaintiff believes that his termination was part of a plan, pattern or practice of discriminating against older employees, which may affect employees similarly situated to the Plaintiff.

## COUNT I:

## ADEA – AGE DISCRIMINATION

20. Plaintiff incorporates by reference Paragraphs 1 through 19 as though fully set forth at length herein.

21. As described hereinbefore above, Plaintiff was subjected to discrimination in the nature of an illegal termination, was replaced by a younger individual and was treated less favorably than younger, less experienced and less qualified employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

22. As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, has suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

23. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

24. Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

    b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.    that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

    d.    that the Court order the Defendant to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and all other rights to which he would have been entitled but for the Defendant's discriminatory conduct;

    e.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

    f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

## COUNT II:

### PHRA

25. Plaintiff incorporates by reference Paragraphs 1 through 24 as though fully set forth at length herein.

26. Defendant's actions in subjecting the Plaintiff to discrimination based on age were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

27. As a direct result of the Defendant's discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of his employment with the Defendant. In

addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights. The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among his peers and stress.

28. The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a Judgment declaring the Defendant's actions to be unlawful and violative of the PHRA;

b. that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the PHRA;

c. that the Court award the Plaintiff compensatory damages as a result of Defendant's actions being unlawful and violative of the PHRA;

d. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

e. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        <u>s/ Joel S. Sansone</u>
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated:  September 14, 2018